UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CANDY L. STORMER, <br><br> Plaintiff, <br><br> v. <br><br> JONATHAN P. FLY, A PROFESSIONAL LAW CORPORATION, <br><br> Defendant. | CIVIL COMPLAINT <br><br> CASE NO. 4:19-cv-04236 <br><br> DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes CANDY L. STORMER ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of JONATHAN P. FLY, A PROFESSIONAL LAW CORPORATION ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code. Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Texas.

### PARTIES

4. Plaintiff is a 63 year old natural "person," as defined by 47 U.S.C. §153(39), residing in Houston, Texas, which lies within the Southern District of Texas.

5. Defendant is a law firm practicing real estate law who, through the ordinary course of its business, regularly attempts to collect defaulted residential obligations from consumers. Defendant is a professional law corporation organized under the laws of the state of Texas with its principal place of business located at 3308 Broadway, Suite 305, San Antonio, Texas. places of business located at 4510 West 77th Street, Suite 200, Edina, Minnesota.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of Defendant's attempts to collect upon an outstanding consumer debt ("subject debt") said to be owed by Plaintiff.

9. The subject debt stems from Plaintiff's purported past due payments in connection with a residential loan Plaintiff incurred in 2018 for a property which was used by Plaintiff for her personal and household use.

10. After Plaintiff defaulted on her obligations in connection with the subject debt, the original creditor and holder of the subject debt turned collection of the subject debt over to Defendant.

11. On or about September 4, 2019, Defendant sent Plaintiff a collection letter attempting to collect upon the subject consumer debt. *See* Exhibit A.

12. Defendant's September 4, 2019 collection letter was the first communication Plaintiff received from Defendant.

13. Defendant's collection letter was referred to as a "Notice of Default and Intent to Accelerate."

14. The collection letter represents that the total of the subject debt is $11,077.96.

15. The collection letter further itemizes what charges make up the overall balance of the subject debt.

16. In this regard, the collection letter provides the following itemization:

> Past Due Principal and Interest: $ 8,002.02
> Unpaid Tax and Insurance or Escrow: $ 2,452.20
> Late Charges:  $ 266.74
> Costs of Collection Including Legal Fees: $ 357.00
> Other Unpaid Obligations:  $ [blank]

*See* Exhibit A.

17. Defendant's inclusion of the itemization "other unpaid obligations," and its decision to associate this itemization with a dollar sign, confused and deceived Plaintiff into believing she may be subjected to some sort of illusory, ill-defined charges under this "other unpaid obligations" category.

18. However, based on the documents creating the subject debt, and the itemizations Defendant included in its collection letter, there would be no lawful ability for Defendant to collect any additional amounts beyond the categories of charges it had already outlined in its collection letter.

19. Therefore, Defendant's itemization of "other unpaid obligations" misled and deceived Plaintiff into believing if she did not promptly address the subject debt with Defendant, she could be subjected to further illusory charges, even though such charges could not lawfully come to pass.

20. Nor did Defendant intend to collect such additional amounts, because Plaintiff had no additional "other unpaid obligations" that would be owed to the original creditor.

21. Defendant's collection letter further provides that "This firm represents Lender, the current owner and holder of the Note, in connection with the Loan. According to Lender's records, Borrower has failed to pay certain installments due in accordance with the terms of the Note."

22. Although Defendant's collection letter makes numerous references to the "Lender," at *no* point in its collection letter does it provide Plaintiff with any clear indication of the *specific* entity to whom the debt is owed. *See* Exhibit A.

23. As such, Defendant's collection letter failed to provide Plaintiff with a vital piece of information which Defendant was statutorily required to include in the collection letter it sent to Plaintiff.

24. Defendant's failure to provide Plaintiff with the statutorily required information misled and deceived Plaintiff as to what precise entity was owed the subject debt.

25. Defendant's collection letter, after itemizing the balance of the subject debt, goes on to state "For information on the exact amounts due and to arrange for payment, please contact August REI at Lender's office." Exhibit A.

26. Later in the collection letter, Defendant states "The amounts stated herein are the amounts necessary to cure default, and may not represent all amounts owed or delinquent."[1]

---

[1] This language further creates confusion about the "other unpaid obligations" itemization, since it further reinforces the notion that there may be additional amounts Plaintiff owes, even though that could not be the case.

27. The above lines, *inter alia,* confused and deceived Plaintiff as to what the total balance of her purported obligation to the original creditor was at the time Defendant sent the collection letter.

28. Under the FDCPA, Defendant is statutorily required to inform Plaintiff about the total balance of the debt serving as the basis of Defendant's collection letter.

29. However, through the use of its language suggesting that the amount represented in the letter may not be the actual total balance of the subject debt, Defendant failed to uphold its statutory duty, and this failure confused and misled Plaintiff as to what the true extent of her obligation on the subject debt was, as outlined in Defendant's collection letter.

30. Defendant's collection letter further advises that "If Borrower fails to pay the total amount due within **20 days** after the date of this letter, Lender will declare the entire unpaid principal balance of the Note and all accrued unpaid interest to be immediately due and payable without further demand." Exhibit A (emphasis added).

31. The demand for payment within **20 days** of the collection letter underscores additional violations of law evident in Defendant's collection letter.

32. Because the collection letter was the initial communication Plaintiff received from Defendant, Plaintiff would have 30 days from the date of her receipt of such letter to dispute the nature of the subject debt and to request validation from the original creditor confirming the balance said to be owed by Plaintiff (as indicated by Defendant's attempts to provide the requisite § 1692g disclosures in the collection letter).

33. However, Defendant's demand for payment within the 30-day validation period overshadows and is inconsistent with Plaintiff's right to seek debt validation under 15 U.S.C. § 1692g, and further misled and deceived Plaintiff into believing that she could not utilize the full 30-day time period to assess the nature of Defendant's collection letter.

34. Even further, Defendant misleadingly and deceptively represented the extent of Plaintiff's rights under the FDCPA, as it says "You **may** have additional rights under both State and Federal Law." Exhibit A.

35. Defendant's conditioning the availability of Plaintiff's rights under federal state law is a deceptive and misleading representation as to the rights afforded to Plaintiff, as there would be conditional application of the rights protecting Plaintiff in her dealings with Defendant.

36. Furthermore, Defendant's collection letter fails to adequately apprise Plaintiff of her rights under 15 U.S.C. § 1692g(a)(3).

37. Defendant's attempt to provide the disclosure required by § 1692g(a)(3) reads, "Unless you, within thirty days after receipt of the **very first communication you receive from this firm,** dispute the validity of the debt, or any portion thereof, we will assume this debt to be valid . . ." Exhibit A (emphasis added).

38. Defendant's disclosures in this regard is in violation of the FDCPA, as § 1692g(a)(3) requires that the disclosure be tied to "the notice" – i.e., the collection letter wherein the 30-day validation rights are described.

39. Defendant's decision to utilize the language "very first communication you receive from this firm" confused and misled Plaintiff as to the precise timeframe during which she would be able to avail herself of the dispute and validation rights afforded under the FDCPA, and further illustrates Defendant's failure to provide the statutorily required disclosures to Plaintiff.

40. Defendant's collection letter furthermore uses inappropriately conditional language which further misled and deceived Plaintiff.

41. Defendant's collection letter states, "[o]ne purpose of this letter is to collect a debt" and further advises "[t]his firm may be considered a debt collector."

42. Defendant's use of conditional and limiting language regarding the purpose of the communication and its status as a debt collector further confused and misled Plaintiff as to the intention of Defendant in sending the collection letter, and further confused and misled Plaintiff as to whether Defendant was, in fact, acting as a debt collector (a confusion which is exacerbated by the collection letter's failure to clearly indicate the entity to whom the debt is owed).

43. Defendant's collection letter and the numerous deceptive, misleading, and unfair representations contained therein caused Plaintiff to suffer a violation of her federally and state protected interest in being free from confusing, misleading, and deceptive debt collection communications..

44. Plaintiff has suffered financial loss including expending assets and time dealing with Defendant's conduct.

45. Plaintiff has further been unnecessarily confused and concerned given Defendant's violations of law, and has further suffered a violation of her state and federally protected interests as a result of Defendant's conduct..

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

48. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who uses any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

49. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

50. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

51. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5),

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

52. Defendant violated 15 U.S.C. §§ 1692e. e(2)(A), e(5), and e(10) when it deceptively and misleadingly represented that Plaintiff may be required to pay more than the total balance on the subject debt. Specifically, Defendant's itemization of "other unpaid obligations," and associating that itemization with a dollar figure (in combination with other language in the letter), deceptive and misleadingly represented to Plaintiff that she may be required to pay Defendant more than the overall balance referenced in the subject debt. Because such "other unpaid obligations" had not yet accrued when the collection letter was sent, and further would not accrue down the line, Defendant's itemization of this item falsely and deceptively attempted to get Plaintiff to address her obligation with Defendant promptly, lest she be subjected to charges which could not lawfully come to pass nor which Defendant intended to add on.

53. Defendant further violated §§ 1692e, e(2)(A), and e(10) through its deceptive and misleading demand for payment within 20 days of the date of the letter. By virtue of making such

8

a demand for payment within Plaintiff's 30-day validation period, Defendant falsely and deceptively obfuscated Plaintiff's rights in connection with the subject debt.

54. Defendant further violated §§ 1692e, e(2)(A), and e(10) when it deceptively and misleadingly listed the total balance of the subject debt in the collection letter it sent Plaintiff. Despite purporting to list the total balance owed on the subject debt, Defendant's collection letter goes on to provide language which suggests that the actual balance listed in the letter may not actually represent Plaintiff's true liability in connection with the subject debt. This additional confusing information misled and deceived Plaintiff regarding the subject debt as she was left guessing as to what her actual obligation in connection with the subject debt was at the time Defendant sent its collection letter.

55. Defendant further violated § 1692e, e(2)(A), and e(10) when it failed to clearly indicate the entity to whom the debt is owed. By failing to explicitly and clearly indicate the entity to whom the debt is owed, Defendant engaged in deceptive and misleading conduct, as its failure caused Plaintiff to be misled and deceived about the actual entity to whom the debt is owed – which precluded Plaintiff from being able to intelligently determine how to go about assessing the extent of her purported liability on the subject debt.

56. Additionally, Defendant violated § 1692e, e(2)(A), and e(10) when it falsely conditioned the availability of Plaintiff's rights under state and federal law. Suggesting that Plaintiff "may" have such rights, when she would, in fact, have such rights, constitutes a deceptive and misleading representation which caused Plaintiff to be unaware as to whether certain state and federal laws would afford her certain rights in connection with her dealings with Defendant.

57. Furthermore, Defendant violated § 1692e, e(2)(A), and e(10) when it deceptively represented the timeframe during which Plaintiff would be able to avail herself of the 30-day

validation period described in § 1692g(a). Defendant's collection letter misleadingly and deceptively represented that Plaintiff may be subject to a 30-day validation period which is different than the actual 30-day validation period, since it suggests the possibility that there were another communication Plaintiff received from Defendant which would be the starting point for Plaintiff's 30-day validation rights.

58. Defendant further violated § 1692e, e(2)(A), and e(10) through the use of its language "one purpose of this letter is to collect a debt" and "this firm may be considered a debt collector." The use of this language is false, deceptive, and misleading, as it is clear, upon a review of Defendant's collection letter, that *the* purpose of the communication was to collect a debt; and further indicates that, in connection with this letter, Defendant *was* acting as a debt collector. Defendant's language confused and misled Plaintiff as to Defendant's role and intention in acting as a debt collector, in violation of the FDCPA.

### b. Violations of the FDCPA § 1692f

59. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

60. Defendant violated § 1692f when it unfairly suggested that Plaintiff may be required to pay more than her full obligation on the subject debt. Suggesting to consumers that they may have to pay more than what they actually owe is inherently unfair conduct in violation of the FDCPA.

61. Defendant further violated § 1692f through the way in which its collection letter unfairly fails to adequately apprise Plaintiff of her rights under the FDCPA. In multiple instances, Defendant's collection letter fundamentally fails to adequately apprise Plaintiff of the information required to be provided to her under the FDCPA. Defendant's repeated failure constitutes unfair and unconscionable conduct, in violation of the FDCPA.

62. Defendant further violated § 1692f through its attempts to conceal its status as a debt collector that would be subject to the FDCPA. Both through its failure to clearly indicate the entity to whom the debt is owed, and further through its use of conditional language as to whether it was a debt collector and whether Plaintiff would have certain federal rights available to her, unfairly attempted to obfuscate the nature of its role as a debt collector and the fact its conduct would be governed by the FDCPA.

### c. Violations of FDCPA § 1692g

63. The FDCPA, pursuant to 15 U.S.C. §§ 1692g(a)(1)-(5), requires debt collectors to provide to consumers certain pieces of information in their initial written communications to such consumers.

64. The collection letter at issue in this matter was the first written communication Plaintiff received from Defendant, and Plaintiff had not had any oral communications with Defendant prior to her receipt of the collection letter.

65. Under § 1692g(a)(1), Defendant must provide "the amount of the debt."

66. Defendant violated § 1692g(a)(1) through its failure to clearly indicate the "amount of the debt" Plaintiff is said to owe in connection with the subject debt. Although seemingly providing this amount, Defendant's collection letter goes on to provide several representations that the amount outlined on the subject debt may not be Plaintiff's actual obligation in connection with the subject debt. Such confusing information regarding the overall balance of the subject debt illustrates Defendant's failure to clearly provide the information required by § 1692g(a)(1), and is thus in violation of the FDCPA.

67. Pursuant to § 1692g(a)(2), Defendant was required to provide "the name of the creditor to whom the debt is owed" in the collection letter it sent Plaintiff.

68. Defendant violated § 1692g(a)(2) when it completely failed to provide the name of the creditor to whom the debt is owed. Although Defendant makes numerous confusing references to the "Lender," at no point does its collection letter clearly indicate the name of the entity to whom the subject debt is owed, in violation of § 1692g(a)(2).

69. Under § 1692g(a)(3), Defendant was required, in its collection letter, to advise Plaintiff that "unless the consumer, within thirty days after receipt of **the notice,** disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector." 15 U.S.C. § 1692g(a)(3) (emphasis added).

70. Defendant violated § 1692g(a)(3) through its failure to advise that the 30-day period would run from the date of her receipt *of the collection letter*. Instead, Defendant advised that the 30-day period would run from her receipt "of the very first communication you receive from this firm." Failing to tie the 30-day period to the communication which starts the running of the 30-day clock illustrates Defendant failed to provide the statutorily required disclosures. Defendant's conduct posed a risk of harm that Plaintiff would be misled and deceived into believing she could no longer dispute the subject debt with Defendant.

71. Furthermore, pursuant to 15 U.S.C. §1692g(b), any collection activity that occurs during a consumer's 30-day validation period "may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor."

72. Defendant violated § 1692g(b) through its demand for payment within 20 days of the date of collection letter. Such a demand for payment, made during Plaintiff's 30-day validation period, constitutes collection activity which both overshadows and is inconsistent with Plaintiff's rights to dispute the debt and request validation of the subject debt.

WHEREFORE, Plaintiff, CANDY L. STORMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

73. Plaintiff restates and realleges paragraphs 1 through 72 as though fully set forth herein.

74. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

75. Defendant is a "debt collector" and "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

76. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

### a. Violations of TDCA § 392.304

77. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19), broadly prohibits a debt collector from using any "false representation or deceptive means to collect a debt . . . ."

78. Defendant violated the above referenced portion of the TDCA through its deceptive and misleading representations in the collection letter. As discussed above in the context of Plaintiff's FDCPA claims, Defendant falsely and deceptively represented that Plaintiff may have to pay more

than the full balance of the subject debt, as well as numerous other false and deceptive means to collect a debt. Such repeated and persistent false and deceptive representations violate the TDCA in much the same way the conduct violates the FDCPA.

WHEREFORE, Plaintiff, CANDY L. STORMER, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 28, 2019                                                       Respectfully submitted,

s/ Nathan C. Volheim                                                          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103                                              Taxiarchis Hatzidimitriadis, Esq. #6319225
Federal I.D. No. 3098183                                                      Federal I.D. No. 3098150
Counsel for Plaintiff                                                         Counsel for Plaintiff
Admitted in the Southern District of Texas                                    Admitted in the Southern District of Texas
Sulaiman Law Group, Ltd.                                                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200                                           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                                                       Lombard, Illinois 60148
(630) 568-3056 (phone)                                                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                                                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                                      thatz@sulaimanlaw.com